DARUS THOMAS *vs.* GEORGE WATERMAN & another.

It is not a presumption of law, from the mere fact that more than six years have elapsed since the date of a promissory note, that it is barred by the statute of limitations, though it does not appear whether or not the note was signed in the presence of an attesting witness.

Where the payee of a note, more than six years after its date, pledges it as security for a debt, and after paying the debt and demanding a return of the note, brings an action against the pawnee for not returning it, and the defendant does not show that the promisor was unable to pay the note, the jury are at liberty to assess damages for the plaintiff to the full amount of the note. In such case, the filing in court of an obligation of the defendant to indemnify the plaintiff against any act done or to be done by the defendant in respect to the note, is no ground for reducing the plaintiff's damages.

In such action, the defendant cannot introduce the testimony of the maker of the note, to prove that the maker told him that nothing was due to the payee on the note.

ASSUMPSIT to recover damages for the breach of the undertaking of the defendants, implied in the following instrument : " September 21st 1838, received of Darus Thomas a note of his brother, given October 10th 1831, of thirty six dollars and twenty four cents, 5 per cent. interest, as security for goods received. Waterman & Vaughan." Trial in the court of common pleas, before *Strong,* J., whose report of the case was as follows :

It was proved that the goods mentioned in said receipt were afterwards paid for by the plaintiff, and that he, in August 1841, after said payment, demanded the note mentioned in said receipt, and that the defendant Waterman said he did not know but he might find it, and that no individual ought to bring an action.

The defendants contended that said note was redelivered to the plaintiff, though they gave no evidence of it. They also contended that there should be nominal damages only. 1st Because said note was barred by the statute of limitations. 2d. Because the defendants had not received any thing by virtue of said note, as proved by the deposition of Azel Thomas, the brother of the plaintiff and maker of said note. 3d. Because there was no proof that the defendants had negotiated said note And they offered in court an indemnity against any act of theirs, which they had done or might do in respect to said note; making it a part of their statement of defence filed in the case.

The court instructed the jury that a part of the deposition of said Azel Thomas was not legal evidence, namely, that part in which he deposed that he "told the defendants that he did not know as he owed his brother any thing;" and that the jury should not consider that part of the deposition as evidence: The court also instructed the jury, that they could not, in estimating the plaintiff's damages, take into consideration the offer of indemnity made to him by the defendants.

The defendants contended, that on the face of said receipt the note was barred by the statute of limitations; but the jury were instructed that this was not the legal presumption. The defendants also contended, that as the note could not be sued by an indorsee, that fact should be considered in estimating the damages. But the court instructed the jury, that the plaintiff was entitled to have the note delivered up, and that the law in respect to such notes not being available to indorsees should not affect the damages in this case; that the law did not presume that the note was witnessed or not witnessed, and that if the defendants would take advantage of its not being witnessed, and so barred by the statute of limitations, (Rev. Sts. *c.* 120, §§ 1, 4,) it was incumbent on them to show it.

The jury found a verdict for the plaintiff for the full amount of the note; and the defendants alleged exceptions to the directions and instructions of the court.

*Eddy,* for the defendants.

*Coffin,* for the plaintiff.

Thomas *v.* Waterman & another.

HUBBARD, J. Several objections are taken to the plaintiff's recovery, which will be considered briefly.

1. It is contended that the note mentioned in the defendants' undertaking was barred by the statute of limitations. But this is not a presumption of law. It may have been witnessed. It may have been acknowledged in writing on the note, by the signer, that it was due and unpaid. A payment might have been made upon it and indorsed within six years. Nor does it follow that it could not be sued by the indorsee, if the promise was renewed; and if sued in the name of the payee, the suit would be for the benefit of the true owner. And the fact that the defendants received the note as security is *primâ facie* evidence of its value. We are therefore of opinion, that if the note was barred by the statute, then it was incumbent on the defendants, who took it after six years had elapsed from its date, to show the fact.

2. It is said by the defendants that they have received nothing upon the said note since it came into their possession: But the true answer to this allegation is, that if they have not, they should return it; and they have neither done that, nor offered evidence that it has been lost.

3. In regard to the offer of indemnity, we think it unavailing, because, as the plaintiff had delivered the note to the defendants, if he should sue the note and attempt to enforce a recovery upon it, and should not produce it in evidence, he could prove the loss only by the defendants; and before they would be permitted to testify as to the fact of loss, the plaintiff must cancel their obligation or agreement, and it would therefore be a vain indemnity.

4. In regard to striking out a part of the deposition, we think the part, in which the witness told the defendants that he did not know as he owed his brother any thing, was properly rejected. It was objectionable on the same principle that hearsay evidence is rejected; as it was his mere declaration, not under oath. The defendants, who took his deposition, in order to have availed themselves of such a fact, should have put the question to him directly, whether he owed the note or any part of it; and this they have not done.

On the whole, the defendants took the note for value, as se-curity for a debt which has been paid, and they are called upon to return it ; and they are bound to do it ; and as they show no le gal reason for not doing it, they are therefore responsible in dam-ages. They have not shown that Azel Thomas, the promisor, is not able to pay the note, nor have they asked him as to his ability, though they have taken his deposition. Nor have they proved that he would not have paid it, if he had been sued. The jury, upon the facts, have assessed damages for the plain-tiff to the amount of the note. But though they were not bound to give him the nominal amount of the note, yet they were at liberty to do it.

We do not think that any of the objections against the ruling of the presiding judge in the court below are of sufficient weight to cause us to grant another trial.

*Exceptions overruled.*